UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | 2:26-cv-03304-HDV-AYP | | Date | June 10, 2026 |
|---|---|---|---|---|
| Title | *Mario Alberto Alvarez Felix v. United States Department of Justice et al.* | | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Daniel Torrez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER GRANTING PRELIMINARY INJUNCTION [2]**

On March 27, 2026, Petitioner Mario Alberto Alvarez Felix ("Petitioner") filed a Petition for Writ of Habeas Corpus, ("Petition") [Dkt. 1], and an *Ex Parte* Application for Temporary Restraining Order ("Application") [Dkt. 2]. In the Application, which the Court construes as a request for Preliminary Injunction, Petitioner seeks, on an expedited basis: immediate release from ICE custody or, in the alternative, a prompt bond hearing. On June 5, 2026, Petitioner filed a Motion to Expedite Ruling on the Petition and/or Motion for Temporary Restraining Order. [Dkt. 10]. The Application is fully briefed. [*See* Dkts. 8, 9].

On March 30, 2026, the Court issued a stay-put Order and supplemental briefing by Respondents to address whether Petitioner had received a bond hearing and, if so, to provide supporting documentation. [Dkt. 6]. On April 3, 2026, Respondents filed an Opposition stating that Petitioner had already received a bond hearing on March 25, 2026. [Dkt. 8]; Ex. A (Bond Hearing Order). In their Opposition, Respondents assert that, since Petitioner has already received a bond hearing, his only remedy in this case is an administrative appeal of the bond determination. *Id.* at 4.

The Court has reviewed the Order of the Immigration Judge ("IJ") regarding the Petitioner's bond hearing held on March 25, 2026 ("Bond Hearing"). [Dkt. 8-1]. The Court notes multiple due process violations at the hearing.[1]  *See id.*

---

[1] The Due Process Clause prohibits deprivations of life, liberty, and property without due process of

First, the IJ incorrectly placed the burden of proof at the bond hearing on Petitioner and not on the government. *Id.* at 1 (finding that Petitioner "has failed to meet ***his*** burden to demonstrate that ***his*** release would not...") (emphasis added). At such a hearing, consistent with Ninth Circuit precedent, the government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("At the outset of its decision, the BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [the detainee] is a danger to the community."); *id.* at 786 (reiterating that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence") (citing *Singh v. Holder*, 638 F.3d 1196, 1200, 1205 (9th Cir. 2011), *abrogated on other grounds as recognized by Rodriguez Diaz*, 53 F.4th at 1202).[2]

Next, the IJ held that "no amount of bond or alternatives to detention would be sufficient to mitigate" Petitioner's "significant risk of flight." Bond Hearing at 1. Despite this conclusion, the IJ did not engage in any meaningful analysis of potential alternatives to detention, such as a GPS ankle monitor, home detention, enrollment in the Intensive Supervision Appearance Program ("ISAP"), or other reporting requirements as part of the flight risk calculus. Instead, the IJ concluded that Petitioner was a flight risk ***despite*** his providing proof of a sponsor, who is also his employer, with a fixed address and community ties willing to support Petitioner in the U.S. *Id.* at 2.

Based upon the review of the bond hearing, the Court concludes that due process considerations have not been met as no serious consideration was given to alternatives to detention, a necessary component of the due process analysis in the context of bond determinations. *See Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2011) (IJ to consider financial considerations or alternative conditions of release when making bond determinations.) The Ninth Circuit has explained that "[t]he appropriateness of the requirement that ICE and IJs consider financial

---

law. U.S. Const. amend. V. It is firmly established that these protections extend to noncitizens present in the United States. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

[2] *See also Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d 983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause); *Balwan v. Bondi*, 2026 WL 497098, at *9 (W.D. Wash. Feb. 23, 2026) (surveying circuit caselaw and concluding that the government should bear the burden); *Vazquez v. Mattos*, 2026 WL 658896, at *2 (D. Nev. Mar. 9, 2026) (requiring the government to bear the burden) (citing *Singh* and *Martinez*); *Lima v. Wofford*, 2025 WL 3535009, at *4 (E.D. Cal. Dec. 10, 2025) ("The statute is silent on the burden of proof required in a bond hearing under § 1226(a). However, the Ninth Circuit has squarely ruled that due process requires that the Government bear the burden at a § 1226(a) bond hearing of justifying detention by clear and convincing evidence.") (citing *Singh*, 638 F.3d at 1203-06); *Mendoza v. Noem, et al.*, 2026 WL 683180, at *8-*9 (E.D. Cal. Mar. 11, 2026) (analyzing Ninth Circuit cases to find that the holding in *Singh* placing the burden on the government should still be followed).

---

circumstances and alternative conditions of release is confirmed by the balance of factors under *Mathews v. Eldridge*."[3]   Moreover, the Ninth Circuit has observed the "empirically demonstrated effectiveness of such conditions at meeting the government's interest in ensuring future appearances." *Id.*  Notably, ISAP, "which relies on various alternative release conditions—resulted in a 99% attendance rate at all EOIR hearings and a 95% attendance rate at final hearings." *Id.* at 991.

Indeed, courts around the country have found due process violations on similar facts. *See, e.g., Davis v. Garland*, No. 22-CV-443-LJV, 2023 WL 1793575, at *7 (W.D.N.Y. Feb. 7, 2023) (stating that "it stands to reason that an immigration judge who does not even consider conditional release may wrongfully detain certain noncitizens who might otherwise be safely released"); *Gutierrez Cupido v. Barr*, No. 19-CV-6367-FPG, 2019 WL 4861018, at *3 (W.D.N.Y. Oct. 2, 2019) (holding that "the government, not Petitioner, must bear the burden of proving by clear and convincing evidence that continued detention is justified due to flight risk or dangerousness and that no less restrictive alternatives to detention would ameliorate that risk") (citation omitted); *Joseph v. Barr*, No. 19-CV-565-LJV, 2019 WL 3842359, at *9 (W.D.N.Y. Aug. 15, 2019) ("To sustain the prolonged detention of an alien . . . the [g]overnment [is] required . . . to convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably. . . ensure that the alien will appear for any future proceeding. This requires consideration of less restrictive alternatives to detention.") (citations omitted); *Cantor v. Freden*, 761 F. Supp. 3d 630, 638-640 (W.D.N.Y. 2025) ("This Court therefore holds that when a petitioner is entitled to a hearing because his detention pending removal has become unreasonably prolonged, the hearing requires a neutral decisionmaker to address whether alternatives to detention might ameliorate risk of danger as well as risk of flight.").

The Court therefore finds that, because the IJ used the incorrect burden of proof at the hearing, did not seriously consider whether any flight risk could be mitigated by reasonable conditions of supervision, and failed to give sufficient weight to the fact that Petitioner is employed and has a sponsor with a fixed address and community ties, Petitioner was not adequately afforded due process.  Given this failure, the Court grants the motion for preliminary injunction.

Respondents are hereby:

1. Ordered to *release* Petitioner **Mario Alberto Alvarez Felix (A# 246-059-612)** from custody *forthwith*.

---

[3] These factors include:

[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Id.* (quoting *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976)).

2. Enjoined and restrained from re-detaining Petitioner without immediately providing him with a pre-deprivation bond hearing.

3. Enjoined and restrained from removing Petitioner to a third country without notice and a meaningful opportunity to respond and contest such removal.[4]

4. Ordered to file a **Notice of Release** regarding the status of compliance with the Court's Order within **three days**.

5. Ordered to disseminate this Order to the immigration agents in charge of processing Petitioner, and to place a copy of this Order in the Petitioner's A-File.

**IT IS SO ORDERED.**

---

[4] Rule 65(c) requires that, prior to granting injunctive relief, the Court require a movant to pay security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (citation omitted). Accordingly, the Court waives the bond requirement here, as it is unlikely that the government will incur any significant cost and requiring a bond "would have a negative impact on plaintiff's constitutional rights, as well as the constitutional rights of other members of the public." *Baca v. Moreno Valley Unified Sch. Dist.*, 936 F. Supp. 719, 738 (C.D. Cal. 1996) (citation omitted).